Submitted on appellant's petition for attorney fees filed December 20, 1983, petition allowed March 28, respondent's reconsideration allowed September 19, former opinion withdrawn, defendant's petition for attorney fees denied, See 69 Or App 736, 687 P2d 1119, petition for review denied December 4, 1984 (298 Or 334)

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent,*

*v.*

HARRIS,
*Appellant.*

(50932; CA A27568)

678 P2d 1255

Allen T. Murphy, Jr., and Richardson and Murphy, Portland, for the petition.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund, Salem, contra.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

Warden, J., dissenting.

## VAN HOOMISSEN, J.

Defendant, who prevailed on appeal when we reversed a district court judgment against him, now petitions for an award of attorney fees. The facts are set out in our opinion deciding the appeal. *SAIF v. Harris,* 66 Or App 165, 672 P2d 1384 (1983). For purposes of this opinion, it is enough to recite that SAIF filed an action in district court to recover a sum paid defendant for permanent partial disability, to which it was later determined he was not entitled, and the district court awarded SAIF summary judgment. We agreed with defendant that the district court lacked jurisdiction over the matter.

ORS 182.090 provides in relevant part:

"(1)   In any civil judicial proceeding involving as adverse parties a state agency as defined in ORS 291.002 and a petitioner, the court shall award the petitioner reasonable attorney fees and reasonable expenses if the court finds in favor of the petitioner and also finds that the state agency acted without a reasonable basis in fact or in law."

Here, SAIF, a state agency, sued defendant in district court. On appeal, we found in favor of defendant on jurisdictional grounds. Implicit in that finding was a finding that SAIF acted without a reasonable basis in fact or in law. Therefore, defendant is entitled to a reasonable attorney fee. ORS 182.090(1). We find that $3,164 is a reasonable attorney fee.

Petition allowed. $3,164 attorney fee awarded.

**WARDEN, J.,** dissenting.

I dissent, because we did not expressly find in *SAIF v. Harris,* 66 Or App 165, 672 P2d 1384 (1983), that SAIF "acted without a reasonable basis or fact in law," ORS 182.090(1), and because, contrary to the assertion of the majority, such a finding is not implicit in our reversal of the judgment of the district court.

In *Johnson v. Employment Division,* 64 Or App 276, 283, 668 P2d 416 (1983), we construed identical language in

ORS 183.497(1)[1] to mean that either "the agency's action under the facts as found by the agency must be such that a reasonable agency would not have so acted" or that "an agency's construction of the law applicable to the case before it must be such that a reasonable agency would not have so construed the law."

Here, claimant was awarded $2,720 for permanent partial disability by a determination order of the Evaluation Division. After SAIF paid the award, it was set aside and the Division issued a new determination order, denying permanent partial disability. ORS 656.268(4) provides in pertinent part:

> "* * * Any determination [by the Evaluation Division] may include necessary adjustments in compensation paid or payable prior to the determination, including disallowance of permanent disability payments prematurely made, crediting temporary disability payments against permanent disability awards and payment of temporary disability payments which were payable but not paid."

Pursuant to those provisions, we have affirmed the offset of excessive temporary total disability payments against a claimant's permanent partial disability award. *Petshow v. Portland Bottling Co.,* 62 Or App 614, 661 P2d 1369 (1983), *rev den* 296 Or 350 (1984). We have also held that an insurer cannot act unilaterally to offset overpayments without receiving prior approval from the Workers' Compensation Board. *Wilson v. SAIF,* 48 Or App 993, 618 P2d 473 (1980).

However, we have not previously considered, and the legislature does not appear to have contemplated, this situation. SAIF was not seeking an "adjustment in compensation paid or payable *prior to the determination*"; it sought to recover an amount paid pursuant to an earlier erroneous determination, and there was no permanent disability award against which the payment could be credited. In short, there appears to be no way, within the framework of the Workers' Compensation statutes, for SAIF to recover the payment for

---

[1] ORS 183.497(1) provides:

"Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law."

permanent partial disability made pursuant to the erroneous determination order. SAIF sought to do so by an action for money had and received. We recognized in *SAIF v. Harris, supra,* that "[a]lthough we have previously interpreted ORS 656.268(4), this is the first time we have addressed its application to trial court jurisdiction." We held that the trial court had no jurisdiction.

The majority, without any analysis, says that that finding implies that SAIF "acted without a reasonable basis in fact or in law" in this case of first impression. The majority must mean either that the facts (that claimant had been paid $2,720 to which he was not entitled) are such that no reasonable agency would have acted as SAIF did, *i.e.,* try to recover the wrongful payment, or that SAIF's construction of the law (that it could maintain an action for money had and received where it could find no statutorily provided method for it to recover the wrongful payment) is a construction that a reasonable agency would not have made. Certainly, the majority cannot mean the former. As to the latter, I have been unable to find either a case or a statute that proscribes state agencies from maintaining actions under the common law count of assumpsit for money had and received to recover money paid to an individual to which that individual has no legal right. The majority cites no authority so holding. Accordingly, it cannot be said that SAIF acted without a reasonable basis in fact or in law.

I would deny defendant's petition for attorney fees, because he is not entitled to them, rather than adding them to the sum he has already received, but to which he is not entitled. I dissent.