On respondent's reconsideration filed May 2, former opinion filed March 28 (67 Or App 493, 678 P2d 1255) withdrawn, defendant's petition for attorney fees denied September 19, reconsideration denied November 16, petition for review denied December 4, 1984 (298 Or 334)

# SAIF CORPORATION,
*Respondent,*

*v.*

# HARRIS,
*Appellant.*

(50932; CA A27568)

687 P2d 1119

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, Robert M. Atkinson, Assistant

Attorney General and Donna Parton Garaventa, Assistant Attorney General, Salem, for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, J.

Van Hoomissen, J., dissenting.

## WARDEN, J.

■     This case is before us on SAIF's petition for review of our decision in *SAIF v. Harris,* 67 Or App 493, 678 P2d 1255 (1984). The petition for review serves as a petition for reconsideration by this court. ORAP 10.10. In that decision we allowed defendant's petition for an award of attorney fees and awarded him $3,164. We now withdraw our former opinion and deny defendant an award of attorney fees.

■     Our earlier award was based on ORS 182.090, which provides:

> "In any civil judicial proceeding involving as adverse parties a state agency as defined in ORS 291.002 and a petitioner, the court shall award the petitioner reasonable attorney fees and reasonable expenses if the court finds in favor of the petitioner and also finds that *the state agency acted without a reasonable basis in fact or in law.*" (Emphasis supplied.)[1]

In *Johnson v. Employment Division,* 64 Or App 276, 283, 668 P2d 416 (1983), we construed language identical to that in ORS 182.090 emphasized above to mean either that "the agency's action under the facts as found by the agency must be such that a reasonable agency would not have so acted" or that "an agency's construction of the law applicable to the case before it must be such that a reasonable agency would not have so construed the law."

SAIF is a state agency as defined in ORS 291.002(7). This controversy arises out of an action filed by SAIF in district court to recover a sum paid defendant for permanent partial disability, to which it was later determined he was not entitled. The district court awarded SAIF summary judgment in the amount of the overpayment. On appeal, we reversed, because the district court lacked jurisdiction over the matter. *SAIF v. Harris,* 66 Or App 165, 672 P2d 1384 (1983).

In the decision now under reconsideration, we found to be implicit in our finding that the district court lacked jurisdiction that SAIF acted without a reasonable basis in fact or in law. In finding that the district court did not have

---

[1] For the purposes of this case, we assume without deciding that defendant is a "petitioner" as that term is used in ORS 182.090.

jurisdiction to award SAIF a judgment for damages for money had and received, we did not expressly state that SAIF acted unreasonably in bringing the action in district court. We recognized that the issue had not been previously addressed. We concluded that SAIF, as an insurer under the Workers' Compensation Act, was limited to the remedies provided for in that act. 66 Or App at 167.

To have implied from our finding that the district court did not have jurisdiction "that SAIF acted without a reasonable basis in fact or in law," 67 Or App at 495, we must have concluded that no reasonable agency would bring an action to recover money wrongfully paid or that no reasonable agency would construe the applicable law as allowing it to maintain an action for money had and received. Neither conclusion is warranted by the facts of this case.

Petition for reconsideration allowed; former opinion withdrawn; defendant's petition for attorney fees denied.

**VAN HOOMISSEN, J.,** dissenting.

I dissent for the reasons stated in our former opinion, *SAIF v. Harris,* 67 Or App 493, 495, 678 P2d 1255 (1984).