Steven FORSTER, Plaintiff,

v.

SAIF CORPORATION, an Oregon
corporation, Defendant.

Civil No. 97–1296–JO.

United States District Court,
D. Oregon.

Oct. 15, 1998.

James· ·Clayton Egan, Emmons Kyle
Kropp Kryger, Albany, OR, for Plaintiff.

James E. Griffin, Department of Justice,
Portland, OR, for Defendant.

## JUDGMENT

ROBERT E. JONES, District Judge.

Based upon the record,

IT IS ORDERED AND ADJUDGED this
case is dismissed. Any pending motions are
denied as moot.

## OPINION AND ORDER

Plaintiff Steven Forster brings this action
against his former employer, defendant State
Accident Insurance Fund Corporation
("SAIF"), under the Uniformed Services Em-
ployment and Reemployment Rights Act
("USERRA"), 38 U.S.C. § 4301 *et seq.*
Plaintiff alleges that from 1986 to 1996, while
employed by SAIF, his active membership in
the Oregon National Guard occasionally ·re-
quired absence from work. According to
plaintiff, these military service-related ab-
sences resulted in a continuous pattern of
discrimination and harassment by his super-
visors that ultimately culminated in disciplin-
ary action and termination.

The case is before the court on SAIF's
motion to dismiss and alternative motion for
partial summary judgment (# 15). With re-
spect to the FRCP 12(b)(2) motion to dis-
miss, SAIF argues that it is immune from

this suit in federal court under the Eleventh Amendment. In the alternative, SAIF seeks partial summary judgment on certain of plaintiff's claims for damages.

At the hearing on July 22, 1998, a question arose as to whether a key issue raised by SAIF's motions—whether SAIF is a "state entity" for purposes of Eleventh Amendment immunity—should be certified to the Oregon Supreme Court pursuant to O.R.S. 28.200. Accordingly, I asked the parties to draft a question appropriate for certification. On September 25, 1998, I received the parties' agreed question. On reflection and in view of existing state appellate authority, however, I conclude that certification is unnecessary and that the case must be dismissed.

## DISCUSSION

 SAIF contends that this court lacks subject matter jurisdiction over plaintiff's claim because SAIF, an "independent public corporation" created by the Oregon legislature,[1] is immune from suit in federal court under the Eleventh Amendment.

 Sovereign immunity and the Eleventh Amendment preclude suits against states in federal court unless a state consents to suit, *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), or Congress abrogates the state's immunity through "unmistakably clear statutory language." *Duffy v. Riveland,* 98 F.3d 447, 452 (9th Cir.1996) (*citing Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 242, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985)); *see also Seminole Tribe,* 517 U.S. at 55, 116 S.Ct. 1114.[2] Plaintiff does not suggest that Oregon has consented to be sued in federal court, and concedes that Congress did not abrogate state immunity under the USER-RA. *See* Plaintiff's Response to Summary Judgment Motion, p. 2.

 Eleventh Amendment immunity encompasses not only actions in which a state is a named defendant, but also certain actions against state agents and instrumentalities.

*See Regents of the University of California v. Doe,* 519 U.S. 425, 117 S.Ct. 900, 903, 137 L.Ed.2d 55 (1997). Thus, the question is whether SAIF qualifies as a state instrumentality and is, therefore, "one of the United States" within the meaning of the Eleventh Amendment. *Regents,* 117 S.Ct. at 904 n. 5.

 Although ultimately whether SAIF is an "arm of the state, and therefore 'one of the United States'" is a question of federal law, that question must be answered based on the state law that defines SAIF's character. *Regents,* 117 S.Ct. at 904 n. 5. Of course, when interpreting state law, a federal court is bound by decisions of the state's highest court. If the state's highest court has not decided the issue, this court must "predict how the highest state court would decide the issue using intermediate appellate court decisions," among other sources, as guidance. *Nelson v. City of Irvine,* 143 F.3d 1196, 1206 (9th Cir.1998). In the absence of convincing evidence that the state supreme court would not follow intermediate appellate decisions, this court must follow them. *Id.*

Plaintiff asserts that the Oregon Supreme Court has not considered whether SAIF is a "state agency," as such, but a fair reading of the relevant state appellate decisions leaves this court with little doubt as to what the supreme court would hold if it did. In *Frohnmayer v. SAIF,* 294 Or. 570, 660 P.2d 1061 (1983), for example, the Oregon Supreme Court held that SAIF's legal affairs, like "all of the state's legal affairs," are under the "charge, control and supervision" of the state Attorney General. 294 Or. at 577–78, 660 P.2d 1061. In doing so, the court concluded that the failure of ORS 180.220 (which establishes the Department of Justice's powers, duties, and responsibilities with respect to the state's legal affairs) to specifically include a reference to "independent public corporation" among the other specified types of state entities did not mean SAIF was excluded. The court explained:

---

1. *See* ORS 656.751 *et seq.*

2. An example of Congress' use of "unmistakably clear statutory language" is found in the Americans With Disabilities Act, 42 U.S.C. § 12202: "A State shall not be immune under the eleventh

amendment ***." Of course, Congress need not use any certain "magic words" to abrogate immunity, but congressional intent to do so must be unmistakable. *See Kimel v. State of Fla. Bd. of Regents,* 139 F.3d 1426, 1432 n. 15 (11th Cir. 1998); *Duffy, supra,* 98 F.3d at 452.

ORS 180.220 refers to seven state entities: departments, commissions, bureaus, offices thereof, state officers, boards, and heads of departments or institutions. Even though ORS chapter 180 makes no specific reference to an "independent public corporation," we are convinced that SAIF Corporation is subject to its provisions.

294 Or. at 576–77, 660 P.2d 1061 (footnote omitted).

Two years later, in *State ex rel Eckles v. Livermore*, 72 Or.App. 650, 696 P.2d 1153 (1985), *aff'd sub nom. State ex rel Eckles v. Woolley*, 302 Or. 37, 726 P.2d 918 (1986), an employer sought a judgment to the effect that SAIF does not exist validly because the Oregon legislature created it by special legislation, allegedly in violation of Article XI, section 2, of the Oregon Constitution. The trial court held that the legislation creating SAIF was unconstitutional. The court of appeals reversed, holding that the legislation creating SAIF was not unconstitutional as SAIF was created for a statewide, not municipal, public purpose and is subject to public management and control. 72 Or.App. at 658–59, 696 P.2d 1153. In doing so, the court of appeals commented as follows:

We discern no reason why we should construe that [constitutional] provision to prohibit the legislature from clothing a *state instrumentality that it creates* with some corporate attributes when that entity is created for a state-wide, not municipal, public purpose and is subject to public management and control. *SAIF Corporation is such an entity* * * *.

The legislature's authority to supplant common law remedies with a statutory insurance system to compensate workers for employment related injuries, and to create an entity to implement that system, has been long established. * * * Because SAIF Corporation's purpose is to "transact the Workers' compensation Insurance business formerly transacted by State Industrial Accident Commission," and because the creation of SIAC was held in *Evanhoff [v. State Industrial Acc. Com.*, 78 Or. 503, 154 P. 106 (1915) ] to have been within the police power of the state, it is clear that SAIF Corporation was created for a valid public purpose *and is an instrumentality of the state.*

72 Or.App. at 659–60, 696 P.2d 1153 (emphasis added; citations omitted).

Based on these cases and the other cases on which SAIF relies,[3] this court is convinced that under Oregon law, SAIF qualifies as a state entity entitled to immunity under the Eleventh Amendment. The court also notes that in *Marvin v. Oregon Workers' Compensation Board and SAIF Corporation*, Case No. CV 91–6512–TC,[4] Magistrate Judge Coffin recognized SAIF's status as a state entity entitled to Eleventh Amendment immunity, as has the Ninth Circuit in an unpublished decision, *Sauerbrey v. Kulongoski*, 921 F.2d 281, 1990 WL 208704 (9th Cir.1990) (Table).

Because the court concludes that SAIF is a state entity immune from suit under the USERRA in federal court, and in the absence of either state consent or Congressional abrogation of the state's immunity, this court lacks jurisdiction over plaintiff's claim. Accordingly, SAIF's motion to dismiss the complaint must be granted. SAIF's alternative motion for partial summary judgment is moot.

## CONCLUSION

Defendant SAIF Corporation's motion to dismiss (# 15) is GRANTED and the alternative motion for partial summary judgment is MOOT. This case is dismissed.

---

**3.** *See SAIF v. Harris*, 69 Or.App. 736, 738, 687 P.2d 1119 (1984) (SAIF is "state agency" for purposes of statute permitting award of attorney fees against state agency in certain circumstances); *see also Laine v. City of Rockaway Beach*, 134 Or.App. 655, 662–63, 896 P.2d 1219 (1995).

**4.** Findings and Recommendation, September 2, 1992 (adopted by Order, September 29, 1992 (Hogan, J.)).