Argued and submitted September 26, order vacated December 14, petition for attorney fees allowed, $3,164 attorney fee awarded March 28 (67 Or App 493, 678 P2d 1255), reconsideration allowed; former opinion withdrawn; defendant's petition for attorney fees denied September 19 (69 Or App 736, 687 P2d 1119), reconsideration denied November 16, petition for review denied December 4, 1984 (298 Or 334)

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Respondent,*

*v.*

## HARRIS,
*Appellant.*

(50932; CA A27568)

672 P2d 1384

Allen T. Murphy, Jr., Portland, argued the cause for appellant. With him on the brief were Marla J. McGeorge and Richardson, Murphy & Tedesco, Portland.

Darrell E. Bewley, Appellate Counsel, SAIF, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Claimant appeals from a district court order which allowed SAIF to recover funds paid to claimant as a result of a workers' compensation permanent partial disability award. After claimant received payment of the award, the award was reversed by the Board. Claimant argues that the district court has no jurisdiction in cases regarding overpayment of workers' compensation benefits. We agree and vacate the order.

Claimant suffered an injury to his back while working for an employer insured by SAIF. He filed a claim and was awarded $2,720 for permanent partial disability on May 1, 1980. After SAIF paid the award, the order was set aside and the Workers' Compensation Department issued a new determination order that provided no permanent partial disability. SAIF brought this action in the district court on a theory of money had and received, seeking to recover the amount previously paid claimant. Thereafter, claimant filed a request for a hearing under the Workers' Compensation Act. One of the issues before the referee was whether SAIF's conduct in attempting to collect an overpayment in district court was proper. The referee ruled that SAIF could not recover the overpayment in district court. SAIF did not appeal that order but filed a motion for summary judgment in the district court action. Claimant also moved for summary judgment. The district court awarded summary judgment to SAIF, and claimant appeals, asserting that the district court action was improper, because it had no jurisdiction to consider the case.

Although we have previously interpreted ORS 656.268(4), this is the first time we have addressed its application to trial court jurisdiction. In previous cases, this court has strictly construed the authority of employers under ORS 656.268(4) to recover overpayments. *Wilson v. SAIF*, 48 Or App 993, 618 P2d 473 (1980); *Hicks v. Fred Meyer, Inc.*, 57 Or App 68, 643 P2d 1311, *modified* 58 Or App 18, 643 P2d 1311 (1982).

The jurisdiction of the Hearings Division and the Board are established by the Workers' Compensation Act. In ORS 656.704(3), the authority of the Director and the Board is expressly provided for "matters concerning a claim under ORS 656.001 to 656.794." "Matters concerning a claim" is defined as "* * * those * * * in which a worker's right to receive

compensation, or the amount thereof, are directly in issue." The authority of the Hearings Division is set forth in ORS 656.708(3), which states, in pertinent part:

> "* * * The division has the responsibility for providing an imparital forum for deciding all cases, disputes and controversies arising under ORS 654.001 to 654.295, all cases, disputes and controversies regarding matters concerning a claim under ORS 656.001 to 656.794, and for conducting such other hearings and proceedings as may be prescribed by law."

The legislature has unequivocally provided that the Hearings Division and the Director shall have jurisdiction over "all cases, disputes and controversies" arising under ORS 656.268(4), which governs recovery of an overpayment. In another portion of the act, specific provision is made for resolution in circuit court of a dispute over attorney fees. ORS 656.388(2). If the legislature had intended that other kinds of disputes arising under the workers' compensation law be heard in trial courts, it could have expressly so stated. On the contrary, a review of the entire act reveals a deliberate purpose to separate jurisdiction over workers' compensation cases almost totally from the trial courts. The District Court had no jurisdiction.

Given our disposition of the case, we do not need to reach claimant's second issue that the district court's order was barred by *res judicata* or collateral estoppel.

Order vacated.