Argued and submitted December 20, 1985, judgment vacated, action dismissed
January 29, 1986

HAYDEN et al,
*Respondents,*

*v.*

WORKERS' COMPENSATION DEPARTMENT et al,
*Appellants.*

(A8312-07460; CA A34212)

713 P2d 612

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellants. With him on the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Dan O'Leary, Portland, argued the cause for respondents. With him on the brief were Robert K. Udziela, and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Warden, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiffs are injured workers who receive permanent total disability (PTD) workers' compensation benefits and Social Security disability benefits. Defendants are the Workers' Compensation Department and the director of its Compliance Division. In August, 1983, pursuant to ORS 656.209,[1] defendants authorized employers and insurers responsible for plaintiffs' PTD benefits to offset their federal disability payments from their workers' compensation benefits to a greater extent than had previously been authorized.[2] The department also promulgated temporary rules, OAR 436-57-001 to 436-57-998, reflecting its new criteria for offsets under ORS 656.209. Plaintiffs then brought this circuit court action for declaratory and mandatory relief, contending that defendants' actions were premised on a misinterpretation of relevant provisions of the Oregon Workers' Compensation Law and the federal Social Security Act and seeking reinstatement of plaintiffs' PTD benefits "in the correct amount."

Defendants moved to dismiss the action on the ground that the trial court lacked subject matter jurisdiction and that "exclusive jurisdiction is vested in the Workers' Compensation Board and its Hearings Division." The trial court denied the motion. Defendants do not challenge that ruling on appeal, but we must nevertheless consider the jurisdictional issue.

In *SAIF v. Harris,* 66 Or App 165, 672 P2d 1384 (1983), we held that the district court lacked jurisdiction over an action by the insurer to recover overpayments under ORS 656.268(4) and that the action involved a "matter concerning a claim" which was subject exclusively to ORS 656.283 to 656.298, the hearing, review and appeal provisions of the Workers' Compensation Law. *See* ORS 656.704; ORS 656.708(3). We noted:

---

[1] ORS 656.209(1) provides, in part:

"With the authorization of the Department, the amount of any permanent total disability benefits payable to an injured worker shall be reduced by the amount of any disability benefits the worker receives from federal social security."

[2] Defendants' action was apparently based on their understanding of the effect of amendments to the Social Security Act. Plaintiffs maintain, *inter alia,* that defendants' understanding is wrong.

"The legislature has unequivocally provided that the Hearings Division and the Director shall have jurisdiction over 'all cases, disputes and controversies' arising under ORS 656.268(4), which governs recovery of an overpayment. In another portion of the act, specific provision is made for resolution in circuit court of a dispute over attorney fees. ORS 656.388(2). If the legislature had intended that other kinds of disputes arising under the workers' compensation law be heard in trial courts, it could have expressly so stated. On the contrary, a review of the entire act reveals a deliberate purpose to separate jurisdiction over workers' compensation cases almost totally from the trial courts. The District Court had no jurisdiction." 66 Or App at 168.

Like the purported overpayments in *Harris,* the offsets in question here directly involve the workers' "right to receive compensation, or the amount thereof," and they are therefore "matters concerning a claim," ORS 656.704(3), subject to the initial jurisdiction of the department's Hearings Division.

■■     ORS 656.209 states that payors may deduct Social Security disability payments "[w]ith the authorization of the department," and that statute makes no reference to review rights of the recipients. However, there is no reason to conclude that the legislature intended ORS 656.209 to create an exception to the administrative and judicial review procedures that other provisions of the Workers' Compensation Law establish for matters concerning claims. We held in *Schlect v. SAIF,* 60 Or App 449, 653 P2d 1284 (1982), that those provisions of ORS chapter 656 were applicable to the worker's appeal from a third party distribution order of the Workers' Compensation Board, although ORS 656.593 provided that the board was to resolve any conflict over third party distributions and did not itself state that the ORS chapter 656 hearing, review and appeal procedures were available. Similarly here, we conclude that the general administrative and judicial review provisions of ORS chapter 656 apply to offsets under ORS 656.209[3] and, therefore, that

---

[3] The department apparently agrees. OAR 436-57-998, a section of the temporary rule, states:

"(1) Any worker aggrieved by any offset authorization of the Department may apply to the Compliance Division for a reconsideration of that authorization prior to requesting a hearing.

"(2) Any party aggrieved may request a hearing pursuant to the provisions of ORS 656.283."

plaintiffs have sought relief in a forum other than the one that has exclusive jurisdiction.[4]

Judgment vacated; action dismissed.

---

[4] Although the department's authorizations of offsets in individual cases are reviewable only in accordance with ORS 656.283 to 656.298, the validity of the department's rules may be subject to challenge through an original proceeding in this court under ORS 183.400. *See* ORS 183.315(1).