# NICHOLSON,
*Appellant,*

*v.*

# BLACHLY et al,
*Respondents.*

## (A8511-07449; CA A40516)

740 P2d 220

Peter O. Hansen, Portland, argued the cause for appellant. On the brief was Warren A. Covington, Portland.

Mildred Carmack, Portland, argued the cause for respondents B. J. Blachly and International Rehabilitation Associates, Inc. On the brief were Allan M. Muir, Portland, Wayne A. Williamson, Portland, Dennis S. Reese, Portland and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Thomas W. Sondag, Portland, argued the cause for respondent Pacific Fruit Express Company. With him on the brief was Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

Van Hoomissen, J., concurring in part; dissenting in part.

## JOSEPH, C. J.

Plaintiff appeals from judgments dismissing his complaint for breach of contract and negligence. ORCP 21A. The trial court based the dismissals on the ground that plaintiff's exclusive remedy is under the Workers' Compensation Act. We affirm.

In reviewing an ORCP 21A dismissal, we assume the truth of plaintiff's allegations. *Crosby v. SAIF,* 73 Or App 372, 376, 699 P2d 198 (1985). He was employed by Pacific Fruit Express (PFE), a self-insured employer, earning $11 an hour. In August, 1981, he was injured on the job. PFE undertook to provide him with vocational rehabilitation services as part of his workers' compensation benefits. In November, 1983, it contracted with International Rehabilitation Associates (IRA), of which Blachly is an employe. The contract provided that IRA would give plaintiff on the job training and that PFE would subsidize his wages during the training period. The base wage provided for in the agreement was $7 an hour. The parties orally agreed that plaintiff would receive a wage subsidy of $4 an hour.

Plaintiff alleges that PFE breached its contract by failing to subsidize his wages so that he would receive $11 an hour. He also alleged that PFE was negligent in acquiring or advising him about the rehabilitation services to be provided by Blachly and IRA. Against Blachly and IRA, he alleges breaches of contract by failing to obtain employment for him at $11 an hour and by negligently providing rehabilitation services.

We turn first to plaintiff's contention that the trial court erred in dismissing his claims against PFE. He argues that his contract claim against PFE is for breach of an oral contract made *after* he was injured, that PFE's liability for that breach and for negligence is separate from its liability arising from his compensable injury and that the court erred in ruling that his exclusive remedy is in the workers' compensation system. PFE argues that, as to employers and employers' insurers, ORS 656.018 substitutes exclusive workers' compensation liability for "all other liability arising out of compensable injuries." It characterizes plaintiff's breach of contract and negligence claims as parts of a dispute over the *amount* of compensation to which he is entitled. As such, the

claims arise from a compensable injury and are within the exclusive ambit of the workers' compensation system. PFE argues further that the workers' compensation statutes provide that the forum for all disputes concerning a claim, including everything concerning an employer's responsibility for vocational rehabilitation, is the workers' compensation system.

Jurisdiction for "matters concerning a claim under ORS 656.001 to 656.794" is under the workers' compensation system. ORS 656.708(3). Matters concerning a claim "are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue." ORS 656.704(3); *see also Hayden v. Workers' Compensation Dept.,* 77 Or App 328, 331, 713 P2d 612 (1986). Compensation includes vocational rehabilitation assistance. ORS 656.005(9); ORS 656.340(3).[1] At the time of plaintiff's injury, ORS 656.340[2] provided, in relevant part:

---

[1] The duty to provide vocational rehabilitation stated in the current statute, *see* n 2, *infra,* is in all essentials the same as at the time of claimant's injury.

[2] ORS 656.340 was amended by Or Laws 1985, ch 600, § 11, effective January 1, 1986, to provide, in relevant part:

"(3) After the attending physician has released a worker to return to work, the insurer or self-insured employer shall inform the worker about reemployment rights and the responsibility of the insurer to request reinstatement, and shall request reinstatement on behalf of the worker, to the worker's former position of employment or to any other employment with the employer who employed the worker at the time of injury which is available and suitable if the former position is not available. Such a request shall be considered a demand for reinstatement of reemployment by the worker for the purposes of ORS 659.415 and 659.420.

"(4) As soon as possible, and not more than 30 days after the contact required by subsection (1) of this section, the insurer or self-insured employer shall cause an individual certified by the director to provide vocational assistance to determine whether the worker is eligible for vocational assistance. If the worker is eligible, the insurer or self-insured employer shall begin vocational assistance or refer the worker for vocational assistance to the authorized vocational assistance provider.

"(5) A worker may object to the insurer's or self-insured employer's selection of a vocational assistance provider one time. If not otherwise agreed to by the insurer or self-insured employer and the worker, any further selection of a vocational assistance provider shall be resolved pursuant to ORS 656.283(2) and the rules adopted by the director.

"(6) The objectives of vocational assistance are to return the worker to employment which is as close as possible to the worker's regular employment at a wage as close as possible to the worker's wage at the time of injury. The primary condition of eligibility for vocational assistance shall be that, because of the injury, the worker needs assistance to return to the previous employment or to any

"(2)  * * * If the worker is not able to return to the previous employment, the insurer or self-insured employer shall assist the worker in obtaining similar or suitable employment.

"(3)  *Assistance under this section shall include,* but not be limited to use of the insurer's or self-insured employer's placement and rehabilitation resources, job search, on-the-job placement and *contracting with the Vocational Rehabilitation Division of the Department of Human Resources or with suitable private rehabilitation services for the purpose of reemploying the worker at a position or a wage as close as possible to the worker's occupation or employment at the time of injury.* All vocational assistance services provided to injured workers shall be in accordance with rules prescribed by the director." (Emphasis supplied.)

■    Although plaintiff contends that PFE breached (and negligently performed) an obligation undertaken *after* he was injured by means of a statutorily authorized contract to provide benefits, the essential wrong alleged is the failure of PFE to provide adequate compensation, and that is subject to the Workers' Compensation Act exclusively. Therefore, the trial court did not err in dismissing plaintiff's complaint against PFE.

■    Plaintiff also contends that the trial court erred in dismissing his claims against Blachly and IRA. He argues that the exclusivity of workers' compensation remedies does not extend to them and that his claims are not barred by the Workers' Compensation Act. Blachly and IRA argue that vocational rehabilitation assistance is one of the benefits provided to injured workers under the act in lieu of any other remedies that they otherwise might have had. They rely on

employment, or the worker with assistance can return earlier to the previous employment. Vocational evaluation, help in directly obtaining employment and training shall be available under conditions prescribed by the director. The director may establish other conditions for providing vocational assistance, including those relating to the worker's availability for assistance, participation in previous assistance programs connected with the same claim and the nature and extent of assistance that may be provided. Such conditions shall give preference to direct employment assistance over training and to a return to employment with the previous employer over employment with a new employer.

"(7) An insurer or self-insured employer may utilize its own staff or may engage any other vocational assistance provider to provide vocational assistance to an injured worker. All personnel and vocational assistance providers must meet the requirements of this section and the rules adopted pursuant thereto."

*SAIF v. Harris,* 66 Or App 165, 168, 672 P2d 1384 (1983). They are correct. ORS 656.018 states, in relevant part:

"(1)(a) *The liability of every employer* who satisfies the duty required by ORS 656.017(1) *is exclusive and in place of all other liability* arising out of compensable injuries * * *."

"* * * * *

"(2) *The rights given to a subject worker* and the beneficiaries of the subject worker for compensable injuries under ORS 656.001 to 656.794 *are in lieu of any remedies* they might otherwise have for such injuries *against the worker's employer under* ORS 654.305 to 654.335 or other laws, *common law* or statute * * *." (Emphasis supplied.)

Although Blachly and IRA are not plaintiff's "employer," they are within the scope of the protection of 656.018 in providing a service the right to which exists only by reason of and pursuant to the Act.

■        At the time of his injury, OAR 436-61-191[3] provided that, in addition to requesting a hearing on a vocational rehabilitation assistance question under ORS 656.283(1), a claimant could request the Rehabilitation Review Division to resolve a dispute with a vocational assistance provider:

"(1)    The purpose of this rule is to provide, as an alternative to a hearing under ORS 656.283, a method of resolving a vocational assistance question. * * *

"(2)    A worker who is dissatisfied with a decision of the insurer regarding eligibility for vocational assistance, *or regarding the nature or quality of the assistance being received or offered,* should first attempt to resolve the matter with the insurer.

"(3)    A worker with unresolved dissatisfaction * * * may request the Rehabilitation Review Division to resolve the matter. * * *

"(4)    If the * * * Division is not otherwise able to resolve the matter * * * it may convene a conference of the parties. Attendance by * * * any vocational rehabilitation organization who is a party may be required by the Division. * * *

"(5)    * * * Appeal of the order may be made as provided in ORS 656.283.

"(6)    At any time * * * if * * * an order is necessary for a

---

[3] The rule has been renumbered OAR 436-120-210 and has been amended.

worker to receive vocational assistance conforming to ORS Chapter 656 and these rules, the Director or the division may order the insurer to provide timely and appropriate vocational assistance * * *. Appeal of the order may be made as provided in ORS Chapter 656." (Emphasis supplied.)

As we have pointed out in sustaining the dismissal of the claim against PFE, the Workers' Compensation Department has jurisdiction over all matters concerning claims. There is nothing in the statutory framework, as it existed in 1981 or as it exists now, to support claimant's position that a contract provider of vocational rehabilitation services should be regarded as outside the system of which it is by statute made an integral part and which creates and sustains the right to the services.

The contention that ORS 656.018 limits the liability only of employers and insurers misses the point. The express general legislative intent is that the Workers' Compensation Act constitutes a complete and exclusive statement of the rights and remedies of injured workers. *Haret v. SAIF,* 72 Or App 668, 697 P2d 201 (1985). The only exceptions to that exclusivity are those created expressly by the legislature. *See SAIF v. Harris,* 66 Or App 165, 168, 672 P2d 1384 (1983). The trial court did not err.

Affirmed.

**VAN HOOMISSEN, J.,** concurring in part and dissenting in part.

I agree with the majority that, under ORS 656.018, PFE's liability is to be exclusively determined through the Workers' Compensation Act (Act). However, I dissent from the dismissal of plaintiff's action against Blachly and IRA. I would hold that the exclusivity provided by the statute does not extend to providers of vocational rehabilitation assistance who are not employes of the worker's employer or employer's insurer.

ORS 656.018 provides, in relevant part:

"(1)(a) The liability of every *employer* who satisfies the duty required by ORS 656.017(1) *is exclusive* * * *.

"* * * * *

"(3) The exemption from liability given an employer under this section is also extended to the employer's insurer,

the department, and the employes, officers and directors of the employer * * *." (Emphasis supplied.)

Vocational rehabilitation providers are not exempted from liability. ORS 656.018(2) also provides: "The rights given to a subject worker [under the Workers' Compensation Act] * * * *are in lieu of any remedies* they [sic] might otherwise have for such injuries *against the worker's employer under* ORS 654.305 to 654.335 or other laws, *common law* or statute * * *." (Emphasis supplied.) The Act is intended to govern those who stand in the relationship of employer and employe. It limits the liability of employers in exchange for certainty of recovery for injured workers. It does not replace legal remedies which an injured worker may have against persons not enumerated in ORS 656.018 and who do not bear burdens under the Act which are reciprocal for the exclusivity granted by the Act.

In holding that the exclusivity of the Act did not bar a worker's medical malpractice suit against a doctor treating him for injuries compensated under the Act, the Supreme Court explained:

> " 'It would [be] unreasonable to assume that the legislature in its enactment of the [Act] intended to save a class of wrong-doers unrelated to the compensation scheme from liability which the law had theretofore imposed upon them, or that independent professions by the fact of business contact with the employer should be relieved of responsibility for mistake or neglect resulting in secondary affliction.' " *Wimer v. Miller,* 235 Or 25, 31, 383 P2d 1005 (1963), *quoting Fauver v. Bell,* 192 Va 518, 530, 65 SE2d 575 (1951).

Blachly's and IRA's rehabilitation services are provided as part of plaintiff's workers' compensation benefits, as were the medical services in *Wimer*. The Act does not bar a negligence action against a doctor treating an injured worker, and it should not be construed to bar a negligence action against vocational rehabilitation providers.

Although ORS 656.018 does not bar plaintiff's claim against IRA and Blachly, the question remains whether the Act has abrogated his common law claim by providing a statutory method to resolve the issue within the Workers' Compensation Department. The jurisdiction of the Hearings Division and the Board are established by ORS 656.708(3).

That statute provides that the division is the "forum for deciding * * * all cases, disputes and controversies regarding matters concerning a claim under ORS 656.001 to 656.794 * * *." "Matters concerning a claim" is defined as those "in which a worker's right to receive compensation,[1] or the amount thereof, are directly in issue." ORS 656.704(3). ORS 656.340 provides that compensation includes vocational rehabilitation services.[2] A claimant may request a hearing on any question concerning rehabilitation issues. ORS 656.283(1). At the time of plaintiff's injury, OAR 436-61-191[3] provided an alternative method to a hearing under ORS 656.283 for resolving vocational assistance questions.[4]

ORS 656.283 and OAR 436-61-191 allow plaintiff the opportunity to influence his *ongoing* rehabilitation in a manner similar to the statutes and administrative rules providing resolution of disputes concerning the necessity and appropriateness of medical services. *See* OAR 436-10-001, OAR 436-10-110. As such, disputes under those statutes and rules constitute "matters concerning a claim," and jurisdiction lies in the Hearings Division. *See SAIF v. Belcher,* 71 Or App 502, 505, 692 P2d 711 (1984). However, an action alleging *negligent medical care* goes beyond "matters concerning a claim." Similarly here, the conduct for which plaintiff seeks relief, *negligent provision of rehabilitation services,* goes beyond the scope

---

[1] There is no dispute concerning plaintiff's right to compensation in the form of vocational rehabilitation services.

[2] At the time of plaintiff's injury, ORS 656.340 provided, in relevant part:

"(2) The insurer or self-insured employer shall assist the worker in returning to the worker's previous employment. If the worker is not able to return to the previous employment, the insurer or self-insured employer shall assist the worker in obtaining similar or suitable employment.

"(3) Assistance under this section shall include, but not be limited to use of the insurer's or self-insured employer's placement and rehabilitation resources, job search, on-the-job placement and contracting with the Vocational Rehabilitation Division of the Department of Human Resources or with suitable private rehabilitation services for the purpose of reemploying the worker at a position or a wage as close as possible to the worker's occupation or employment at the time of injury. All vocational assistance services provided to injured workers shall be in accordance with rules prescribed by the director."

Amendments to ORS 656.340, effective January 1, 1986, are not applicable in this case. *See* Or Laws 1985, ch 600, § 11.

[3] OAR 436-61-191 has been renumbered 436-120-210.

[4] For the text of OAR 436-61-191, see 86 Or App 645 at 650.

of "the right to receive compensation or the amount thereof." ORS 656.704(3); *see Crosby v. SAIF,* 73 Or App 372, 375, 699 P2d 198 (1985). The mechanisms provided under ORS 656.283 and OAR 436-61-191 do not extend to an action for contract damages resulting from IRA's and Blachly's alleged failure to obtain appropriate employment or to an action to recover damages for injury caused by alleged negligent provision of rehabilitation services.

Plaintiff alleges a wrong outside the jurisdiction of the Workers' Compensation Department and committed by someone other than his employer or those entitled by statute to share the employer's immunity. Therefore, the jurisdiction of these claims lies not in the Department but in circuit court. I would affirm the dismissal of the action against PFE and reverse the dismissal of the action against Blachly and IRA and remand for trial.