Argued and submitted December 1, 1987, decision of Court of Appeals affirmed in part and reversed in part, decision of trial court affirmed in part and reversed in part and case remanded to the circuit court for further proceedings May 3, reconsideration denied June 7, 1988

# NICHOLSON,
*Petitioner on Review,*

*v.*

# BLACHLY et al,
*Respondents on Review,*

# PACIFIC FRUIT EXPRESS COMPANY,
*Respondent.*

## (TC A8511-07449; CA A40516; SC S34421)
753 P2d 955

James L. Edmunson, Eugene, argued the cause and filed the petition for petitioner on review. On the petition was Peter O. Hansen, Portland.

Allan M. Muir, Portland, argued the cause and filed the response for respondents on review. With him on the response

was Schwabe, Williamson & Wyatt, Allan M. Muir, Wayne A. Williamson and Dennis S. Reese, Portland.

Dave Frohnmayer, Attorney General, Salem, filed a Brief of *Amicus Curiae* for Workers' Compensation Department. With him on the brief were Virginia L. Linder, Solicitor General, and Christine Chute, Assistant Attorney General, Salem.

CAMPBELL, J.

## CAMPBELL, J.

The issue presented in this case is whether a vocational rehabilitation organization which contracts with a self-insured employer to provide assistance to an injured worker can be sued in circuit court on contract and tort claims relating to the vocational rehabilitation assistance or whether claims of inadequate assistance are in the exclusive jurisdiction of the Workers' Compensation Department[1] and Board. Contrary to the Court of Appeals, we hold that the department and board do not have exclusive jurisdiction over all claims against the vocational rehabilitation organization and its employes. The circuit court's dismissal of the complaint as to defendants Blachly and International Rehabilitation Associates, Inc. (IRA) is reversed. The dismissal of the complaint as to defendant Pacific Fruit Express Company (PFE) is affirmed. The decision of the Court of Appeals is affirmed in part and reversed in part.

Plaintiff filed a complaint claiming contract and tort damages from his employer together with a vocational rehabilitation organization and an employe of that organization. The case was dismissed following an ORCP 21 motion and we therefore must accept the allegations in the complaint as facts. Plaintiff has abandoned his claim against his employer in his petition for review to this court.

According to the complaint, plaintiff was employed by PFE and was injured on the job in August 1981. In November 1983, PFE, a self-insured employer, contracted with IRA to provide vocational rehabilitation assistance to plaintiff. Blachly is an employe of IRA and had direct contact with plaintiff. Plaintiff alleged that the contract provided that IRA would provide vocational rehabilitation or assistance "which would have reasonably qualified him to obtain employment at or near the wage he was earning at the time of his industrial injury (8/6/81), which was $86.24 a day or $11.00 per hour." IRA arranged employment for plaintiff as a chemical dependency counselor in Minneapolis.

---

[1] The 1987 legislature abolished the Workers' Compensation Department. Its functions are now performed by the Department of Insurance and Finance. The Workers' Compensation Board still exists and the procedures and substance of the Workers' Compensation Act remain unchanged. References to the "department" in this opinion apply equally to the Workers' Compensation Department and to the Department of Insurance and Finance in its administration of the Workers' Compensation Act. The department does include the board.

Plaintiff further alleged that "the parties" signed a written agreement in March 1984 that plaintiff would be paid $11.20 an hour to perform the chemical dependency counselor job. Alternatively, plaintiff alleged that oral modifications of the March contract provide for payment at a rate of $11.00 an hour. The chemical dependency counselor job pays $7.00 an hour.

Plaintiff claimed that defendants had breached the November contract by failing to provide the vocational rehabilitation assistance as provided by the contract, and that plaintiff was an intended beneficiary of the contract. Plaintiff also claimed that the March agreement was a contract that was breached by the failure to provide payment at the rate of $11.00 an hour. Plaintiff further claimed that defendants were negligent in failing to provide adequate training or assistance, in misrepresenting the hourly wage of the Minnesota job and in failing to advise plaintiff of the consequences of accepting the Minnesota job.

All defendants moved to dismiss all claims on the grounds that the Workers' Compensation Board had exclusive jurisdiction over the claims and that the complaint failed to state a claim. The circuit court granted the motions. The Court of Appeals affirmed. *Nicholson v. Blachly,* 86 Or App 645, 740 P2d 220 (1987). Because plaintiff has abandoned his claims against PFE, we do not consider those claims and the dismissal of PFE is affirmed.

The exclusive remedy of injured employes against their employers for injuries suffered in the course and scope of employment is to receive workers' compensation benefits. ORS 656.018(1)(a) and (2).[2] The exemption from liability

---

[2] ORS 656.018(1)(a) and (2) at the time of plaintiff's compensable injury provided:

"(1)(a) The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to his subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794.

"* * * * *

"(2) The rights given to a subject worker and his beneficiaries for compensable injuries under ORS 656.001 to 656.794 are in lieu of any remedies they might otherwise have for such injuries against the worker's employer under ORS 654.305 to 654.335 or other laws, common law or statute, except to the extent the worker is expressly given the right under ORS 656.001 to 656.794 to bring suit against his employer for an injury."

given an employer extends to the employer's insurer, the department and the employes, officers and directors of the employer, insurer and the department. ORS 656.018(3).[3] The statute does not mention any other person or entity nor does it contain language that suggests that anyone else might be protected by the exclusion of other remedies. ORS 656.154 provides that third parties may be liable outside the workers' compensation system, and this court has held that tort remedies are available to workers' compensation claimants who are negligently injured by physicians who treat their compensable injuries. *Wimer v. Miller*, 235 Or 25, 383 P2d 1005 (1963). We therefore conclude that ORS 656.018 does not make workers' compensation the only remedy available to an employe for claims against a vocational rehabilitation organization that contracts with an employer or insurer to provide assistance under the Workers' Compensation Act. Similarly, the employes of such an organization are not protected from other liability by ORS 656.018.

As there is a specific exclusion of liability for employers, insurers, the department and their respective employes, and no language in the statute suggests that the liability of others is to be limited, we cannot assume that the legislature intended any grant of jurisdiction in the act to be exclusive as to other parties. The other grants of jurisdiction in the act are stated in permissive, not exclusive terms[4] and the act in effect at the time of plaintiff's injury was not comprehensive as regards the provision of vocational rehabilitation assistance.[5] Even under the current version of the act and related regulations, the scope of a hearing on the subject of vocational rehabilitation is limited, and no remedy for contract breach or negligence is provided. If the department has no jurisdiction to consider certain issues, it cannot have exclusive jurisdiction over those issues.

---

[3] ORS 656.018(3) provides:

"The exemption from liability given an employer under this section is also extended to the employer's insurer, the department, and the employes, officers and directors of the employer, the employer's insurer and the department * * *."

[4] *See, e.g.,* ORS 656.283.

[5] Contrary to statements in the briefs and in the Court of Appeals' opinion, ORS 656.340 did not become effective until July 1, 1984, almost three years after plaintiff's compensable injury and after both contracts were entered into. *See* Or Laws 1981, ch 535, §§ 2 and 26(2).

The act does give the department and its constituent bodies jurisdiction to consider certain claims regarding the provision of vocational rehabilitation assistance. *See* ORS 656.283, 656.704(1) and 656.708. Although this jurisdiction is not necessarily exclusive, issues of primary jurisdiction may arise under some circumstances. *See Tracy v. Lane County,* 305 Or 378, 752 P2d 300 (1988). However, if some of the issues need to be first decided by the department, a question not now before us, the circuit court nonetheless has jurisdiction and should not have dismissed the complaint for lack of jurisdiction.

The parties have not addressed the issue whether the complaint states a claim. The allegations are sufficient to withstand a motion to dismiss for failure to state a claim.

The circuit court's dismissal of the complaint as to defendant Blachly and IRA is reversed. The circuit court's dismissal of the claim against PFE is affirmed. The decision of the Court of Appeals is affirmed in part and reversed in part. The case is remanded to the circuit court for further proceedings.