Argued and submitted July 17, affirmed October 25, 1989, reconsideration denied January 19, petition for review denied February 22, 1990 (309 Or 334)

## SAIF CORPORATION,
*Appellant,*

*v.*

## JOHNSON,
*Respondent.*

(88C-11692; CA A60685)

781 P2d 374

Christine Chute, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Susan G. Bischoff, Salem, argued the cause for respondent. With her on the brief were Joseph D. Robertson and Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

SAIF Corporation appeals from a judgment for the defendant Workers' Compensation referee in this mandamus action by which SAIF seeks to have defendant compelled to vacate his order on a claim. The trial court concluded that exclusive jurisdiction to review defendant's order is provided in the Workers' Compensation Law and that the availability of that review provides SAIF with an adequate alternative remedy and therefore makes mandamus unavailable. The court entered a judgment dismissing the alternative writ. We affirm.

The claimant had requested review of four determination orders that were issued between 1984 and 1986. Those requests were dismissed in September, 1987, on the claimant's motion. In February, 1988, another determination order concerning the same claimant was issued. He requested review, and a hearing was conducted by defendant. According to SAIF's petition,

> "Defendant assumed jurisdiction over said February 17, 1988 Determination Order, pursuant to ORS 656.283, and also assumed jurisdiction over the four previously mentioned dismissed Determination Orders.
>
> ### "VIII.
>
> "* * * Defendant issued an Opinion and Order on the merits of the February 17, 1988 Determination Order, as well as the merits of the four previously mentioned dismissed Determination Orders, on August 16, 1988."

Defendant's order increased the compensation that SAIF was required to pay. SAIF contends that, because there were no pending requests for hearings on the four earlier determination orders and the time allowed for requesting review of them had elapsed, defendant had no jurisdiction to rule on them.

SAIF agrees that defendant's order is reviewable by the Workers' Compensation Board under ORS 656.295. It contends, however, that that is not an exclusive remedy and that it is not an adequate one, because, under ORS 656.313(2), SAIF cannot recover the compensation that it must pay the claimant between the time of defendant's order and the time that the order may be reversed by the Board or us. Defendant

responds that the review provisions of the Workers' Compensation Law are exclusive and adequate. Defendant also suggests that SAIF's inability to recover the payments made during the review process does not render the process an inadequate remedy, because the nonrecovery provision of ORS 656.313 is a component of, and not a drawback to, the process. Defendant relies on *Wisherd v. Paul Koch Volkswagen,* 28 Or App 513, 559 P2d 1305, *rev den* 278 Or 393, *appeal dismissed* 434 US 898 (1977), where we said:

"ORS 656.313 cannot be viewed in isolation; it must be considered as part of the entire workmen's compensation system. The workmen's compensation system compromises many interests of both employers and employes out of the belief that an alternative to judicial determination of employment-related injury claims is necessary. Employes must forego, inter alia, the right to sue in tort for injuries occurring in the course of employment but receive in exchange the elimination of fault as a basis for compensation. Employers receive the benefit of limited liability for compensable accidents but are required on the other hand to assume liability for a greater number of injuries. These and many other balances are among those struck in the *quid pro quo* format of the workmen's compensation system * * *." 28 Or App at 516.

We have repeatedly held that the circuit courts lack jurisdiction to consider matters concerning workers' compensation claims and that the decisional and review provisions of the Workers' Compensation Law are exclusive. *Hayden v. Workers' Compensation Dept.,* 77 Or App 328, 713 P2d 612 (1986); *SAIF v. Harris,* 66 Or App 165, 672 P2d 1384 (1983); *see* ORS 656.018; ORS 656.704. However, we have not previously considered the exclusive jurisdiction question in the context of a mandamus proceeding, nor have we decided the other question that the parties dispute—whether the administrative and judicial review remedies provided by the Workers' Compensation Law are an adequate alternative to and foreclose mandamus. Because the second question is independently dispositive and can be answered solely with reference to this case, we base our decision on it.

ORS 34.110 provides, in part:

"The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law."

It is clear that defendant's order decides matters concerning a claim, that SAIF can—and has—sought Board review of the order and that the specific question that SAIF wants decided here, whether defendant exceeded his jurisdiction, can be decided by the Board in its review of the order pursuant to ORS chapter 656. The relief that SAIF seeks in this action, that defendant's order be vacated, is the functional equivalent of relief that it could seek, for the same reason and possibly others, in the Board proceeding. SAIF does not argue that anything inherent in the two kinds of proceedings makes mandamus so much speedier than review under the Workers' Compensation Law provisions that the latter are inadequate for that reason. Moreover, the dispatch of mandamus has generally not led the courts to hold that a direct review or appeal is an inadequate alternative, even when mandamus is sought in connection with a preliminary matter and the appeal must await a final disposition. *See State ex rel Automotive Emporium v. Murchison,* 289 Or 265, 611 P2d 1169, *rehearing denied* 289 Or 673, 616 P2d 496 (1980).

Against that background, it is far from apparent why SAIF regards the statutory review procedure as inadequate. SAIF relies on *State ex rel Huntington v. Sulmonetti,* 276 Or 967, 557 P2d 641 (1976), where the court reached the merits of and rejected the employer-relator's substantive ground for seeking mandamus to require the defendant circuit court judge to vacate his order remanding a claim to the Board. The employer argued that the claim was barred by *res judicata,* and the Board had agreed. On direct review, the defendant disagreed and remanded "for a determination of whether claimant was in the course and scope of his employment when he sustained his accidental injury." 276 Or at 969. The Supreme Court held that the claim was not barred and refused to enter a peremptory writ. However, it noted at the conclusion of its opinion:

> "Defendant contends that the proceeding should be dismissed and that mandamus will not lie because there is an adequate remedy by way of appeal upon completion of the litigation. The employer contends that an appeal is not an adequate remedy because if, after remand by the circuit court, it was found that claimant was injured in the course of his employment, he would draw benefits during the pendency of an appeal which could not be recovered if the employer was

subsequently to win on the issue raised here. ORS 656.313. At the time of issuance of the alternative writ we deemed this possibility to be sufficiently likely to make an appeal in the usual course of law an inadequate remedy." 276 Or at 973.

This case differs from *Huntington*. Had the court concluded that *res judicata* barred the claim there, its issuance of a peremptory writ would have eliminated the remand to the Board and ended the proceedings on the claim before any compensation subject to ORS 656.313 was awarded. Here, conversely, the mandamus relief that SAIF seeks would not end the proceedings on the claim, because the claimant's request for hearing on the 1988 determination order would still be viable. Indeed, the relief sought by SAIF—vacation of defendant's order—could lengthen the proceedings on the claim. Defendant would have to issue a new order, while, in the present posture of the proceedings, the Board can review the existing order *de novo* and make its own findings concerning compensation, without further involvement of defendant.

A second distinction is that SAIF is *presently* required to make nonrecoverable payments, while in *Huntington* the prospective possibility of such an obligation arose only by virtue of the remand that the employer sought to prevent in the mandamus proceeding. Further Board action was the source of the threatened error in *Huntington;* here, Board review is the direct means for correcting the error that SAIF ascribes to defendant's order.

After the decision in *Huntington,* the legislature amended ORS 656.298 to make Board orders directly reviewable by this court rather than the circuit court. Or Laws 1977, ch 804, § 11. One of the necessary effects of that amendment was to expedite the workers' compensation review process by eliminating one tier of review. Paradoxically, SAIF would put the circuit court back into the position of deciding questions that are capable of decision in the statutory review process and would justify that result by saying that the review process is not a plain, speedy and adequate alternative to the circuit court remedy. The net effect is illustrated by this case: If we were to afford the relief that SAIF seeks, the same or similar

questions would have been presented to four different deci-sionmakers,[1] and the review proceedings on the claim would be back at the starting point.

SAIF seems to understand *State ex rel Huntington v. Sulmonetti, supra,* as stating a universal proposition that an employer or insurer that is required to pay nonrecoverable interim compensation lacks an adequate alternative remedy *per se* and may proceed by mandamus instead of following the statutory review procedures. We read *Huntington* far more narrowly to address only its own facts. If it were read other-wise, it would amount to a judicial repeal of the workers' compensation review statutes as they apply to employers and insurers.

SAIF also argues that mandamus should be available, because the question it raises is a jurisdictional one (at least by SAIF's definition). SAIF relies on *State ex rel Automotive Emporium v. Murchison, supra,* where the court said:

> "Direct appeal is an adequate remedy unless the relator would suffer a special loss beyond the burden of litigation by being forced to trial.[5] * * *

> "[5] An exception exists where the relator asserts that a court is improperly asserting jurisdiction, *State ex rel Knapp v. Sloper,* 256 Or 299, 473 P2d 140 (1970), *State ex rel Handly v. Hieber,* 256 Or 93, 471 P2d 790 (1970). * * *" 289 Or at 269.

In both cases that *Murchison* cites for the proposition that mandamus lies to correct an improper assertion of juris-diction, the issue was whether the defendant judge could be compelled to quash the service of summons. The court explained in *State ex rel Knapp v. Sloper, supra,* that, although a direct appeal is an adequate remedy to redress the erroneous allowance of a motion to quash:

> "If, on the other hand, the motion to quash is denied, appeal is not an entirely adequate remedy. Since 1949 the defendant may enter a general appearance without waiving his objection to the service and if after trial a judgment is entered against him he may appeal and in the appellate court renew his challenge of the service. ORS 16.150. If the appel-late court holds the service defective the trial of the case has

---

[1] Direct Board review of the order is being pursued by both claimant and SAIF.

been a waste of time and money for both parties and court. There is good reason to decide at the outset whether the trial will be a wasted effort or will decide the controversy." 256 Or at 301.

The situation here is not comparable. Defendant has not simply asserted that he *has* jurisdiction; he has completed his *exercise* of jurisdiction. After-the-fact review rather than prevention is all that *can* be obtained through *any* procedure. The procedures of the Workers' Compensation Law are designed for and are completely adequate to provide that review.

Affirmed.