Argued and submitted September 11, 1989, November 15, 1988, judgment for defendant Bellotti vacated; September 30, 1988, judgment dismissing claim against defendant Bellotti reversed and remanded; judgment of dismissal for INA affirmed January 17, reconsideration denied April 25, petition for review denied June 5, 1990 (310 Or 121)

# GORDINEER,
*Appellant,*

*v.*

# BELLOTTI et al,
*Respondents.*

## (16-88-04775; CA A50175)

785 P2d 362

David C. Force, Eugene, argued the cause and filed the briefs for appellant.

Randall Thwing, Eugene, argued the cause for respondent

Alice Bellotti dba H&B Trucking. On the brief were Sidney E. Thwing, and Thwing & Thwing, Eugene.

John R. Faust, Jr., Portland, argued the cause for respondent Insurance Company of North America, a foreign corporation. On the brief were Mildred J. Carmack, James G. Huegli, and Schwabe, Williamson & Wyatt, Portland.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

In 1979, plaintiff sustained an injury while working for H&B Trucking. Insurance Company of North America (INA), H&B's workers' compensation carrier, accepted his claim and paid temporary total disability for almost two years, at which time defendants told him that his benefit rate would be reduced and that an additional amount would be held to recover an alleged overpayment. On appeal, the Workers' Compensation Board found that he had been a part-time employee and allowed the offset for overpayment. We affirmed without opinion. *Gordineer v. H&B Trucking et al,* 63 Or App 382, 663 P2d 1313 (1983).[1]

In 1987, plaintiff sought an own-motion action by the Board, ORS 656.278, to modify its former finding that he had been a part-time employe at the time of the injury and to reinstate the original temporary total disability benefit rate. The Board declined. He then filed this declaratory judgment action in which he alleged that defendant Bellotti had been a co-owner of H&B Trucking with Cecil Hunt and that, after Hunt's death in 1981, she became sole owner. He alleged that, as a result of her "false, fraudulent and perjurious" testimony and business records submitted in the compensation hearing, he had lost compensation and had suffered emotional distress. He sought a declaration that his action was not subject to the exclusive workers' compensation remedy and that he was entitled to damages.

On September 30, 1988, a judgment of dismissal for failure to prosecute, ORCP 54B(3), was entered on plaintiff's claims against Bellotti. Plaintiff and Bellotti agree that the judgment was entered in error, because plaintiff had in fact served her with a summons and complaint and, on September 29, she had filed a motion to dismiss that was pending on the date of dismissal. On October 21, the trial court granted INA's motion to dismiss and entered a judgment pursuant to ORCP 67B. On October 31, plaintiff filed a notice of appeal from the judgments of September 30 and October 21. On November 15,

---

[1] Plaintiff entered into a stipulated settlement regarding an alleged psychiatric condition in July, 1985, which also increased unscheduled permanent partial disability on his accepted claim.

the trial court entered a purported judgment granting Bellotti's motion to dismiss. Plaintiff then attempted to file a supplemental notice of appeal to include that judgment.[2]

Plaintiff's October 31 notice of appeal deprived the trial court of jurisdiction to enter the November 15 judgment on Bellotti's motion to dismiss. ORS 19.033. That judgment is a nullity and is vacated.

■ Bellotti argues that the September 30 judgment was a judgment without prejudice, ORCP 54B(4), and that, therefore, it was not appealable. That argument has been answered contrary to her position. *Gearhart v. Employment Division,* 99 Or App 601, 783 P2d 536 (1989). She also contends that the judgment is not appealable, because plaintiff failed to move to set it aside pursuant to ORCP 71, which permits a trial court to relieve a party from a judgment because of mistake, inadvertance, surprise or excusable neglect. Although, in an instance like this, a Rule 71 motion would be a more efficient use of judicial resources, neither the rules nor the appeal statutes require a motion before an appeal may be taken. The judgment was entered due to error, and we reverse and remand as to Bellotti.[3]

■ Plaintiff argues that the trial court erred in declaring that his claim against INA was subject to the exclusivity provisions of ORS 656.018.[4] His position is that the wrongs alleged in this action did not arise out of his compensable injury but, rather, were post-injury intentional torts for which he can bring a civil action. Plaintiff states the issue too narrowly. It is not whether the wrongs arose out of his compensable injury or were post-injury, but whether they were matters

---

[2] On February 24, 1989, we ordered the appeal to proceed on the original notice.

[3] We do not reach plaintiff's assignment of error that the trial court erred in dismissing his claim against Bellotti on his motion to dismiss.

[4] ORS 656.018(1)(a) provides:

"The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to the subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794."

"concerning a claim," for which the decision and review provisions of workers' compensation law are exclusive. ORS 656.704(3); ORS 656.708; *SAIF v. Johnson,* 99 Or App 64, 67, 781 P2d 374 (1989); *Hayden v. Workers' Compensation Dept.,* 77 Or App 328, 713 P2d 612 (1986); *SAIF v. Harris,* 66 Or App 165, 672 P2d 1384 (1983), *rev den* 298 Or 334 (1984).

Plaintiff relies on *Crosby v. SAIF,* 73 Or App 372, 699 P2d 198 (1985), in which the plaintiff alleged that the defendants had conspired to divest him unlawfully of his right to workers' compensation benefits and to terminate him unlawfully. Plaintiff misunderstands *Crosby.* There was no issue in that case about the exclusivity of the workers' compensation procedures. SAIF's contention (which we rejected) was that, because the plaintiff's allegations arose out of his termination after he had filed a workers' compensation claim, the remedies for discrimination under ORS chapter 659 were exclusive. More fundamentally, the misconduct alleged in *Crosby* had nothing to do with the disposition of the plaintiff's compensation claim.[5]

Here, in contrast, plaintiff alleges damages that arose directly out of a workers' compensation proceeding in which the amount of compensation was in issue. He alleged that Bellotti furnished false and perjured testimony and evidence in the hearing at which the overpayment claim was in issue and that, as a result of that, he suffered a loss of temporary total disability benefits to which he was entitled.[6] Attacking a claim for general and punitive damages in addition to a claim

---

[5] Plaintiff is not aided by *Nicholson v. Blachly,* 305 Or 578, 753 P2d 955 (1988), where the Supreme Court held that the workers' compensation exemption from liability for an employer and the employer's insurer did not extend to vocational rehabilitation organizations that had contracted to provide assistance under the Workers' Compensation Law. In our opinion in *Nicholson,* we had held that the plaintiff could not pursue his contract and tort claims against his employer, *Nicholson v. Blachly,* 86 Or App 645, 740 P2d 220 (1987), because the Workers' Compensation Department has jurisdiction over all matters concerning claims. On review in the Supreme Court, the plaintiff abandoned his claim against the employer.

[6] Plaintiff is unclear as to what tort he alleged. As his counsel stated at oral argument, the conduct was "fraud, deceit or whatever you want to call this kind of conduct * * *." In his complaint, plaintiff states conclusorily that he was damaged by INA's "fraud and misrepresentation" but he does not allege facts that show that INA conspired or participated in preparing the allegedly false testimony and evidence. Insofar as plaintiff's complaint states facts, it alleges perjury on the part of Bellotti. Perjury is not an intentional tort in and of itself, but it may constitute fraud intrinsic in a proceeding. *See O.-W.R. & N. Co. v. Reid,* 155 Or 602, 609, 65 P2d 664 (1937).

for loss of compensation does not alter the nature of his cause of action. He seeks to overturn a workers' compensation decision, and the trial court was correct in holding that the remedies in the workers' compensation law are exclusive.[7]

Plaintiff argues that he is without any recourse, because the Board considers that it is without jurisdiction to issue any own-motion order that would overturn an earlier decision. *See* ORS 656.278(5). Plaintiff misstates the Board's order on his request for exercise of own-motion jurisdiction. The Board did not conclude that it was without jurisdiction. Rather, it declined to exercise that jurisdiction to disturb a decision rendered by the referee and affirmed by the Board and this court.[8]

Plaintiff also seems to contend that, if he does not get the relief that he seeks from the tribunal with jurisdiction, that is, the Board, it cannot be said to be the sole source of relief. The fact that an exclusive tribunal's decision has become final does not mean that another tribunal therefore obtains jurisdiction. Just because plaintiff's only recourse was the workers' compensation system does not mean that he had no recourse.

November 15, 1988, judgment for defendant Bellotti vacated; September 30, 1988, judgment dismissing claim against defendant Bellotti reversed and remanded; judgment of dismissal for INA affirmed.

---

[7] Plaintiff contends that the circuit court could not dismiss the case, because he is entitled to a declaration of his rights under ORS 28.020. *See Lewis v. Miller,* 197 Or 354, 251 P2d 876 (1952); *Reynolds v. State Board of Naturopathic Exam.,* 80 Or App 438, 722 P2d 739 (1986). However, the requirement that the circuit court make a declaration, as opposed to dismissing an action, is not applicable in this situation, where the court is without jurisdiction to consider the subject matter as to which a declaration is sought.

[8] We note that Oregon courts have declined to overturn judgments on the basis of intrinsic fraud in a proceeding, acknowledging that there must be an end to litigation. *See Larson v. Heintz Const. Co. et al,* 219 Or 25, 345 P2d 835 (1959); *Watson v. State of Oregon,* 71 Or App 734, 737, 694 P2d 560 (1984), *petition for review withdrawn* 299 Or 204 (1985).