Argued and submitted April 6, peremptory writ vacated; judgment reversed
December 12, 1990

OLSTEN TEMPORARY SERVICES, INC.,
and CNA Insurance Companies, Inc.,
*Respondents,*

*v.*

Referee David LIPTON,
*Appellant.*

(A8904-02174; CA A60945)

802 P2d 93

Susan G. Bischoff, Salem, argued the cause for appellant. With her on the briefs were Joseph D. Robertson and Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Gary G. Norris, McMinnville, argued the cause for respondents. With him on the brief were Jerry K. Brown and Cummins, Brown, Goodman, Fish & Peterson, P.C., McMinnville.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In this mandamus proceeding, defendant, a workers' compensation referee, appeals from the circuit court's judgment and issuance of a peremptory writ ordering him to suspend the hearing rights of a workers' compensation claimant. We reverse, because we conclude that there is no factual predicate for the writ. It should not have been issued.

The claimant sustained a compensable back injury in February, 1987, while employed by plaintiff Olsten Temporary Services, Inc. The claim was closed by a determination order in September, 1987. In April, 1988, the claimant settled an aggravation claim, reserving the right to continue receiving medical benefits for his back injury.

Between the time of the injury and October, 1988, the claimant was examined by four independent medical examiners at plaintiffs' request. On October 27, 1988, the claimant underwent his fifth examination at plaintiffs' request, for the purpose of determining whether he had experienced a worsening of his February, 1987, injury. Shortly thereafter, on the recommendation of his own physician, the claimant had surgery, for which he had not sought plaintiffs' authorization, although plaintiffs were aware that it was to be performed. After the surgery, he filed an aggravation claim, which plaintiffs denied; they also denied responsibility for the surgery. The claimant requested a hearing, which was set for May 3, 1989.

On March 30, 1989, plaintiffs notified the claimant that they had scheduled an independent medical exam for April 12, 1989. By a letter dated April 4, the claimant told plaintiffs that he would not attend the exam. On April 7, plaintiffs filed a motion to suspend the claimant's hearing rights. On April 20, 1989, defendant issued an "interim" order holding that the claimant did not have to submit to the exam and denying the motion.

Plaintiffs petitioned the circuit court for an alternative writ of mandamus, contending that, because the claimant had refused to submit to the independent medical exam, the referee was required by ORS 656.325 to suspend his right to a hearing. After a hearing, the court entered judgment for

plaintiffs and issued the peremptory writ ordering defendant to suspend the claimant's hearing rights.

There are many potential issues raised by this proceeding. They relate chiefly to the availability of mandamus to compel an official to make a decision on a matter that is subject to direct administrative and judicial review. *See State ex rel LeVasseur v. Merten,* 297 Or 577, 580, 686 P2d 366 (1984); *State ex rel Automotive Emporium v. Murchison,* 289 Or 265, 269, 611 P2d 1169 (1980); *State ex rel Huntington v. Sulmonetti,* 276 Or 967, 557 P2d 641 (1976); *SAIF v. Johnson,* 99 Or App 64, 781 P2d 374 (1989), *rev den* 309 Or 334 (1990); *Wise v. Hays,* 74 Or App 245, 701 P2d 1054 (1985); *Dinsdale v. Young,* 72 Or App 778, 697 P2d 200 (1985). We need not discuss them, however, because, even assuming that mandamus is available to compel a referee to suspend a claimant's right to a hearing when the claimant has failed to submit to an independant medical exam, the factual predicate is missing here.

The referee held that the claimant was not required to submit to the additional exam, stating his reasons.[1] That decision was discretionary under ORS 656.325(1):

> "Any worker entitled to receive compensation under ORS 656.001 to 656.794 is required, if requested by the director, the insurer or self-insured employer, to submit to a medical examination at a time and from time to time at a place reasonably convenient for the worker and as may be provided by the rules of the director. However, *no more than three examinations may be requested except after notification to and authorization by the director.* If the worker refuses to submit to any such examination, or obstructs the same, the rights of the worker to compensation shall be suspended with the consent of the director until the examination has taken place, and no compensation shall be payable during or for account of such period." (Emphasis supplied.)

---

[1] The referee stated:

"The employer has had two examinations beyond the three allowed by statute. The only justification for an additional examination offered at the time of argument is that the employer has not had claimant examined by a neurologist. I am unimpressed by the argument. There are numerous specialties who have not examined claimant. No argument has been advanced to explain how an additional examination on the eve of hearing will promote the goal of achieving substantial justice."

An employer has an absolute right to only three independent medical exams. Beyond that, such exams are subject to "authorization by the director." There is no evidence that the director had authorized an additional one. Even if the referee were authorized to act for the director, the decision whether to authorize an additional exam involves the exercise of discretion. Plaintiffs do not claim that defendant abused his discretion; their only claim is that he did not have discretion to decide that the claimant was not required to submit to the additional exam.

Because defendant decided that the claimant was not required to submit to the additional exam, the claimant's refusal to do so cannot provide the basis for the imposition of sanctions or the suspension of his hearing rights. Accordingly, the trial court erred in issuing a peremptory writ requiring defendant to suspend the claimant's hearing rights.

Peremptory writ vacated; judgment reversed.