114 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth ALVIS, Plaintiff-Appellant,
v.
ZURICH INSURANCE COMPANY, an Alien Corporation; American
Guarantee & Liability Ins. Co., a New York
Corporation; American Zurich Insurance
Company, an Illinois
Corporation,
Defendants-Appellees.
 No. 96-35333.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1997.
Decided May 15, 1997.
 
 Before: BOOCHEVER, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant's claim for intentional infliction of emotional distress is preempted by the Oregon Worker's Compensation Act. The Act covers "claims resulting" from occupational injuries, Or.Rev.Stat. § 656.018(1)(a), including "those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue." Id. § 656.704(3). This provision encompasses appellant's claim because, in order to prove that defendants' conduct was tortious, appellant must demonstrate that defendants terminated benefits he had a "right to receive." See Gordineer v. Bellotti, 785 P.2d 362, 364 (Or.Ct.App.1990) (claim for intentional tort barred where court would have to reconsider merits of claim for benefits).
 
 
 3
 Appellant contends that Crosby v. SAIF Corp., 699 P.2d 198 (Or.Ct.App.1985), allows worker's compensation beneficiaries to sue insurers for all intentional torts. However, in that case, there was no dispute that the plaintiff was entitled to benefits; the only question was whether the defendants had tortiously conspired to terminate his vested rights. See Gordineer, 785 P.2d at 364 ("There was no issue in [Crosby ] about the exclusivity of the workers' compensation procedures," because the misconduct "had nothing to do with the disposition of plaintiff's compensation claim."). Extending Crosby to cases like this one--where the validity of plaintiff's claim for benefits is at issue--would destroy the exclusivity of the worker's compensation scheme. Cf. Goetz v. Aetna Casualty & Surety Co., 710 F.2d 561, 565-66 (9th Cir.1983).
 
 
 4
 Appellant argues that if the Worker's Compensation Act preempts his tort claims, it violates the "remedies clause" of the Oregon Constitution. Or. Const. art. I, § 10 ("[E]very man shall have remedy by due course of law for injury done him in his person, property, or reputation."). On the contrary, the Act provides appellant a powerful remedy: the right to recover any wrongfully denied benefits, plus a 25-percent penalty if the insurer "unreasonably delays or unreasonably refuses to pay compensation." Or.Rev.Stat. § 656.262(11)(a). That this remedy may not be an adequate "deterrent for an insurer contemplating intentionally tortious actions," Appellant's Opening Br. at 15, is an argument properly addressed to the Oregon legislature, not this court. See SAIF Corp. v. Harris, 672 P.2d 1384, 1386 (Or.Ct.App.1983).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3