Glenn TERRIS,
*Appellant,*

*v.*

Kenneth STODD,
*Respondent.*

(92-2106; CA A80272)

870 P2d 835

Hank McCurdy argued the cause for appellant. With him on the briefs was Dobbins & McCurdy.

Joe D. Bailey argued the cause for respondent. With him on the brief was Wood Tatum Wonacott & Landis.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

.

## ROSSMAN, P. J.

Plaintiff appeals from a judgment for defendant in this legal malpractice action, assigning error to the trial court's granting of defendant's motion for summary judgment.

Plaintiff filed a workers' compensation claim against his employer, seeking benefits for a psychological condition allegedly caused by work-related stress. He entered into a disputed claim settlement (DCS) with the employer, in which he accepted $3,500 in full settlement of "all issues raised or raisable."

■ Plaintiff later consulted defendant, seeking advice as to whether he might have a tort claim against Mato Letica, an employee and officer of the employer. Plaintiff alleges in this action that defendant was negligent in allowing the statute of limitations to run on a third-party action against Letica. Defendant concedes that plaintiff *may* have been entitled to pursue a claim against Letica for assault and battery, *see* ORS 656.156(2), but argues, and the trial court held, that any such claim would have been barred by the DCS.

The record on summary judgment, viewed in the light most favorable to plaintiff, shows these facts: Plaintiff was employed by the employer as a plant manager when Letica, a corporate executive, came to visit the plant and, in the course of the visit, poked, punched, pulled, hit, pushed and grabbed plaintiff, and threw him up against a wall and screamed at him, shouting obscenities. In December, 1989, the employer fired plaintiff. At about that same time, plaintiff filed his workers' compensation claim seeking benefits for disability and treatment related to stress. The DCS provides, in part, that

> "[b]oth parties have substantial evidence to support their contentions and each desires to settle all issues raised or raisable at this time by entering into a disputed claim settlement under the provisions of ORS 656.289(4) for the total sum of $3,500, to be paid to claimant by SAIF Corporation in lieu of any and all compensation claimed by claimant * * *.
>
> "* * * * *
>
> "Claimant shall have *no further right to compensation or any other legal right related to this claim.*" (Emphasis supplied.)

As an employee and officer of the employer, Letica is immune from tort liability pursuant to ORS 656.018(3), except if plaintiff's injury was caused by Letica's "willful and otherwise unprovoked aggression." ORS 656.018(3)(a). We have held that a person may seek damages in tort for intentionally caused injuries for which the plaintiff could have or did obtain compensation. *See Palmer v. Bi-Mart Company*, 92 Or App 470, 758 P2d 888 (1988). Plaintiff's assault and battery comes within the description of "willful and otherwise unprovoked aggression," and is not barred by ORS 656.018.

■ The trial court granted summary judgment to defendant on the ground that the DCS barred any tort claim plaintiff may have had against Letica. On its face, the DCS relates to *the claim for compensation* and to *all legal rights related to the claim*. We conclude that the DSC has no effect on a tort action that plaintiff might have had against Letica by virtue of the intentional nature of Letica's conduct. Although the injuries for which plaintiff may wish to recover damages in tort may have arisen from the same circumstances that gave rise to the claim for compensation, plaintiff's tort action is separate from the compensation claim and is outside the workers' compensation system. We hold that it is not barred by the DCS. The trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded.