Argued and submitted June 10, reversed and remanded in part; otherwise affirmed
October 26, petition for review denied December 27, 1994 (320 Or 493)

Pete TOPOLIC,
*Appellant,*

*v.*

Linda K. ROLIE,
dba Rolie Re-entry Services,
*Respondent.*

(92-1201-L-3; CA A81679)

883 P2d 887

Judith H. Uherbelau argued the cause for appellant. With her on the briefs was Howser & Munsell, P.C.

Lann D. Leslie argued the cause for respondent. With him on the brief was Atherly Butler Burgott Leslie & Stine.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Plaintiff appeals a judgment for defendant in this action for breach of contract and negligence. We affirm in part and reverse in part. In October, 1988, plaintiff was injured while working for his employer. After his injury, defendant provided plaintiff with vocational rehabilitation services under a contract that defendant had with SAIF, his employer's workers' compensation insurer. The contract stated that defendant would provide services in accordance with applicable statutes and rules established by the Workers' Compensation Division. Plaintiff was terminated from the job in which defendant had placed him, and, in April, 1992, he brought this action for damages for breach of contract and negligence. He alleged that he was the intended beneficiary of the contract between SAIF and defendant and that, *inter alia*, defendant had breached the contract by placing him in a job that was not suitable, as defined in OAR 436-120-005. He also alleged that defendant was negligent, *inter alia*, in failing to provide adequate training and in returning him to a job that he was not capable of performing. The trial court granted defendant's motion for summary judgment on both claims, and plaintiff appeals.

Plaintiff assigns error to the summary judgment on both claims. The trial court granted defendant's motion on the ground that plaintiff had not stated a claim for damages independent of what he could recover as benefits under the workers' compensation system. Plaintiff argues that that issue was not raised in any of the pleadings or motions that were before the court and that there were material issues of fact that precluded summary judgment. We are unable to tell from the court's language whether its finding was directed to the amount of damages or whether it meant that plaintiff's remedy was exclusively under workers' compensation law. If it was a damage determination, we agree with plaintiff that the evidence in the record does not support summary judgment on that basis. If the finding was that the action was subject to workers' compensation law, we agree with plaintiff only in part.

Defendant contends that, irrespective of the damages issue, the trial court was correct that she was entitled to summary judgment as a matter of law, because she is a

"contracted agent" of employer's insurer and is therefore exempt from liability under ORS 656.018(3). ORS 656.018 provides, in part:

"(1)(a)   The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to the subject workers * * *.

"* * * * *

"(3)   The exemption from liability given an employer under this section is also extended to the employer's insurer, the self-insured employer's claims administrator, the department, and the contracted agents, employees, officers and directors of the employer, the employer's insurer, the self-insured employer's claims administrator and the department * * *."

"Contracted agent" is not defined in the statute. Plaintiff suggests that the words, which were added to ORS 656.018 in 1989, were possibly in response to *Nicholson v. Blachly*, 305 Or 578, 753 P2d 955 (1988). There, the Supreme Court considered the version of ORS 656.018 in effect at that time. It held that the statute did not make workers' compensation the only remedy available to a worker with a claim against a vocational rehabilitation organization that had contracted with an insurer to provide assistance under the Workers' Compensation Act.

Plaintiff argues that, although the legislature amended the statute, it did not add vocational assistance providers to the exemption and that, if the legislature had wanted to make that exemption, it could have so stated. Defendant argues that the term should be given its "plain and ordinary meaning: a 'contracted agent' is someone who contracts with another party to act as that party's agent."

■    The analysis that must be applied is text, context and, if necessary, legislative history, which has rapidly become litany since those rules of statutory construction were restated in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). Who comes within the exemption given to "contracted agents" is not clear from the text or context, but the legislative history shows that the

legislature did not intend the exclusion to apply to a "vocational assistance provider."[1]

■ The words "contracting agent" were part of House Bill 2531, which added "the self-insured employer's claims administrator" and "contracted agents" to the exemptions already existing in ORS 656.018. Not all legislative history is entitled to equal weight, and statements made before legislative committees by persons who are not members of the legislature may have little or no significance. *Henthorn v. Grand Prairie School Dist.*, 287 Or 683, 691 n 5, 601 P2d 1243 (1979). However, here the bill was submitted in 1989 at the request of the Oregon Self-Insurer's Association. Richard Disher, vice president of the largest third-party administrator of self-insured workers' compensation programs in Oregon, explained the bill's purpose in oral testimony to the House Labor Committee. He stated that, although some self-insured employers administered their own workers' compensation claims, many contracted with companies such as his. He explained that

> "the exclusive remedies section of the statute * * * would specifically then extend the protection to the self-insured employers claims administrator, in addition to the employer's insurer and the workers' compensation division." Tape Recording, House Labor Committee, April 6, 1979, Tape 93, Side 1 at 198.

Disher's written testimony amplified the intention of the bill:

> "House Bill 2531 adds eight words to the exclusive remedy section of [ORS 656.018 which presently exempts from liability the employer's insurer, the Department, and the employees, officers and directors of the employer]. It would specifically extend the exclusive remedy protection to two additional parties. First, to the self-insured employer's claims administrator, and second to contracted agents of the employer.

> "Most self-insured employers choose to contract for administration of their self insurance claims with a third party

---

[1] A vocational assistance provider is "a public or private organization or agency which provides vocational assistance to injured workers." ORS 656.340(13). The insurer or self-insured employer is responsible for providing vocational assistance to the injured worker. ORS 656.340(1). If the worker and employer cannot agree on a vocational assistance provider, the director selects a provider. ORS 656.340(11).

administrator such as James [Claims Management Services].

"* * * * *

"We ask that the exclusive remedy of the Workers' Compensation Act *extend to cover those of us who are in the business of administrating self-insured workers' compensation claims*, since it specifically covers insurance carriers, the Department, and employers who are self-insured." Minutes, Senate Labor Committee, Exhibit C (June 2, 1989). (Emphasis supplied.)

The intention of the amendment was further clarified in testimony before the committee:

"CHAIR KERANS: I have a hard time understanding the exact language and terminology in (3), the words contracted agents in line 24. Whose contracted agents?

"ROSS DWINELL [Chairman of Oregon Self-Insured Policy Subcommittee]: Mr. Chair, I believe that would apply to the Accident Prevention folks (Accident Prevention Division) that provide loss control and safety consultation services. That's other than claims administrators.

"CHAIR KERANS: OK, so it doesn't mean —

"[SENATOR] TALBOTT: You just—is it just contracted agents of the Department?

"DWINELL: No, of the service company that was providing—my understanding was that *it was the service company that was providing the claims administration services*." Tape Recording, Senate Labor Committee, June 2, 1989, Tape 159, Side A at 092. (Emphasis supplied.)

The legislative history does not show that the amendments to ORS 656.018 changed the result in *Nicholson v. Blachly, supra*. The exemption in ORS 656.018(3) does not apply to defendant.

In the alternative, defendant argues that the summary judgment on the breach of contract claim should be affirmed. In July, 1993, plaintiff signed a claim disposition agreement (CDA) with SAIF that provided that, in exchange for $80,000, plaintiff "agreed to settle claimant's claim for compensation and payment of any kind due or claimed for all past, present, and future conditions * * *." The CDA defined compensation as including vocational services.

■ We agree that plaintiff's settlement with SAIF bars his claim against defendant for breach of contract. *See Terris v. Stodd*, 126 Or App 666, 669, 870 P2d 835, *rev den* 319 Or 211 (1994). Plaintiff's claim for breach of contract is as a third-party beneficiary of defendant's contract with SAIF. A third-party beneficiary of a contract can obtain a judgment

> " 'against either the promisee or the promisor or against each on their respective duties to him. Satisfaction in whole or in part of either of these duties, or of judgments thereon, satisfies to that extent the other duty or judgment.' " *Reid v. Kier, et al.*, 175 Or 192, 212, 152 P2d 417 (1944) (quoting *Restatement Contracts* § 141 and *Erickson v. Grande Ronde Lbr. Co.*, 162 Or 556, 586, 92 P2d 170, 94 P2d 139 (1939)).

SAIF was obliged to provide vocational rehabilitation services to plaintiff under the terms of the Workers' Compensation Act. SAIF contracted with defendant to provide those services. Because plaintiff has compromised and settled his claim for all of the past, present and future compensation and vocational rehabilitation services he was entitled to receive from SAIF under the Workers' Compensation Act, he is now barred from seeking recovery from defendant for her alleged failure to provide him with these services.

Defendant makes no argument that the CDA also bars plaintiff's negligence claim, and we remand that claim.

Judgment on negligence claim reversed and remanded; otherwise affirmed.